IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MAY SISK,** individually, | * * * |
| Plaintiff, | * * |
| v. | * Case No._____ * |
| **MEHMET ALATAS** a resident individual, | * * * |
| Defendant. | * |

## COMPLAINT

Plaintiff MAY SISK, ("SISK" or "Plaintiff") hereby sues Defendant MEHMET ALATAS, ("Defendant") pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and its implementing regulations, the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG") and alleges as follows:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA. This Court is vested with original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant MEHMET ALATAS's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is properly located in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because venue lies in the judicial district of the property situs or the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. The

Defendant's property is located in and does business within this judicial district and all events giving rise to this lawsuit occurred in this judicial district.

3. Plaintiff, MAY SISK, is and has been at all times relevant to the instant matter, a natural person residing in Tennessee and is sui juris.

4. Plaintiff is an individual with disabilities as defined by the ADA and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching. Plaintiff uses a wheelchair for mobility purposes.

5. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Plaintiff's motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make her home community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on the subject property, including returning to Fosters Market Marathon as soon as it is accessible ("Advocacy Purposes").

6. Defendant, MEHMET ALATAS, is a resident individual conducting business in the State of Tennessee and within this judicial district.

**FACTUAL ALLEGATIONS**

7. On numerous prior occasions, and as recently as August of 2019, Plaintiff was a patron at Fosters Market Marathon, a business located at 601 Murfreesboro Road, Nashville, Tennessee.

8. MEHMET ALATAS, is the owner, lessor, and/or operator/lessee of the real property and improvements that are the subject of this action, specifically Fosters Market

Marathon and its attendant facilities, including vehicular parking and exterior paths of travel within the site identified by the Nashville Planning Department by Parcel ID: 10606004700 ("Subject Facility", Subject Property).

9. Plaintiff lives within three (3) miles of the Subject Property.

10. Because the Subject Property is in the vicinity of the Plaintiff's residence, she is regularly in the area where the subject facility is located, specifically, each time she travels north on Murfreesboro Pike toward town which occurs numerous times every week.

11. Plaintiff's access to Fosters Market Marathon located at 601 Murfreesboro Road, Nashville, Tennessee ("Subject Property", "Subject Facility"), and/or full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendant, MEHMET ALATAS, is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Subject Property, including those set forth in this Complaint.

12. Plaintiff has visited the Subject Property at least once before as a patron and advocate for the disabled. Plaintiff intends on revisiting the Subject Property within six months of the filing of this Complaint or sooner, as soon as the barriers to access detailed in this Complaint are removed. The purpose of the revisit is to be a regular patron, to determine if and when the Subject Property is made accessible, and to maintain standing for this lawsuit for Advocacy Purposes.

13. Living in the vicinity, Plaintiff intends on revisiting the Subject Property to purchase goods and/or services as a regular customer as well as for Advocacy Purposes, but does not intend to continue to re-expose herself to the ongoing barriers to access by continuing to engage

in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

14. Plaintiff traveled to the Subject Property as a customer and as an independent advocate for the disabled, encountered and/or observed the barriers to access that are detailed in this Complaint, engaged those barriers where physically possible, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Subject Property.

## COUNT I – CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for ADA Violations)**

15. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

16. The Subject Property is a public accommodation and service establishment.

17. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

18. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

19. The Subject Property must be, but is not, in compliance with the ADA and the ADAAG.

20. Plaintiff has attempted to, and has to the extent possible, accessed the Subject Property in her capacity as an intended patron and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access,

dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit her access to the Subject Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

21. Plaintiff intends to visit the Subject Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the food, beverages, services, facilities, privileges, advantages and/or accommodations commonly offered to able-bodied patrons of the Subject Property but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Property that preclude and/or limit her access to the Subject Property and/or the food, beverages, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

22. Defendant, MEHMET ALATAS, has discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

23. Defendant, MEHMET ALATAS, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, MEHMET ALATAS, is compelled to remove all physical barriers that exist at the Subject Property, including those specifically set forth herein, and make the Subject Property accessible to and usable by Plaintiff and other persons with disabilities.

Page **5** of **16**

Case 3:20-cv-00655   Document 1   Filed 07/29/20   Page 5 of 16 PageID #: 5

24. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Subject Property and the full and equal enjoyment of the food, beverages, services, facilities, privileges, advantages and accommodations of the Subject Property include, but are not limited to:

PARKING

a. The plaintiff could not utilize the parking facility without the fear and stress of being unable to re-enter her vehicle because of the likelihood of a vehicle being parked directly beside her vehicle because there are no designated accessible parking spaces present in violation of Section 4.6 of the 1991 ADAAG and Sections 208 and 502 of the 2010 ADAAG. This violation prevented access to Plaintiff and caused her to suffer embarrassment, humiliation and feelings of isolation solely because she uses a wheelchair for mobility.

ACCESSIBLE ROUTES
(Exterior)

b. The plaintiff was unable to independently access any of the goods and/or services offered at this location because there exists no path of travel to the public entrance on the storefront curb. This property has no accessible route for wheelchair users in violation of Section 4.3.2 of the 1991 ADAAG and Section 402.2 of the 2010 ADAAG. This violation prevented access to Plaintiff and caused her to suffer embarrassment, humiliation and feelings of isolation solely because she uses a wheelchair for mobility.

c. The plaintiff could not access the accessible elements at the facility because no accessible route connected the accessible elements of the facility. Violation: There are accessible elements (for example, *inter alia*, the propane gas cage(s)) at the facility the route to which is inaccessible in violation of Section 4.3.2 of the 1991 ADAAG and Section 206.2.2 of the 2010 ADAAG. This violation prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff humiliation and embarrassment.

## ACCESS TO GOODS/SERVICES
### (Exterior)

d. The plaintiff could not independently access the propane gas cage(s) positioned on the storefront built-up curb because it has no level maneuvering clearance for wheelchair users to gain access to the cage's outward swinging door(s). Violation: There is no clear ground space for forward or side reach access to the propane gas cage door(s) in violation of Sections 4.2.5 and/or 4.2.6 of the 1991 ADAAG and Section 306 of the 2010 ADAAG. This violation made plaintiff feel isolated and separate from Defendant's able-bodied patrons.

e. The plaintiff could not independently operate the fuel pumps at the subject facility as the operable parts of the fuel dispensers were too high for a wheelchair user to reach. Violation: The operable parts of the fuel dispensers exceed the minimum high reach range for dispensers installed on existing curbs which is 54 inches maximum measured from the surface of the vehicular way where the dispensers are located in violation of Section 4.2.6 of the 1991 ADAAG and Section 308 of the 2010 ADAAG. This violation made plaintiff feel isolated and separate from Defendant's able-bodied patrons.

## PUBLIC ENTRANCE

f. The plaintiff was unable to independently access the facility because the public entry door closer closes too quickly. Violation: The sweep speed settings of the door closer for the entrance door has not been maintained properly by Defendant which has caused the door closing speed to increase with time and use so that the time allowed to transition the door, from an open position of 90 degrees to a position of 12 degrees from the latch, is too brief to allow individuals with mobility impairments to enter and/or exit safely, independently and/or without difficulty, in violation of Section 4.13.10 of the 1991 ADAAG and Section 404.2.8 of the 2010 ADAAG. This accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211. These violations made it physically difficult and stressful for Plaintiff to enter and exit the Subject Facility.

## ACCESSIBLE ROUTES
### (Interior)

g. The plaintiff could not traverse the path of travel to the public restroom with the same access as Defendant's able-bodied customers due to noncompliant clear widths along the pedestrian path to the restroom caused by merchandise and/or other store property positioned within the interior paths of travel. The interior accessible route to the public restroom fails to meet the minimum maneuverability clearance requirements for accessible routes in violation of Section 4.3.3 of the 1991 ADAAG and Section 403.5 of the 2010 ADAAG. This violation caused Plaintiff to feel isolation, embarrassment and humiliation.

ACCESS TO GOODS/SERVICES<br>(Interior)

h. The plaintiff could not use the drink dispensers independently because they are positioned too high for wheelchairs users. Violation: The operable parts of the drink dispensers are not at an accessible height in violation of Section 5.2 of the ADAAG and Sections 308 and 904.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

i. The plaintiff could not access the self-serve drink dispensers independently because the counters upon which these accessible elements are positioned are too high for equal access to wheelchair users. Violation: The self-serve drink dispenser counter is not at an accessible height for a reach obstruction in violation of Section 4.2.6 of the 1991 ADAAG and Section 308.3.2 of the 2010 ADAAG. This violation prevented access to Plaintiff equal to that of able-bodied individuals and caused her embarrassment and humiliation.

j. The plaintiff could not independently access the self-service tableware, cups, condiments, and/or food dispensers because they are positioned too high for wheelchairs users. Violation: The self-serve tableware, dishware, condiments, and/or food dispensers are not at an accessible height in violation of Section 5.2 of the 1991 ADAAG and Sections 308.3.2 and 904.5.1 of the 2010 ADAAG. This violation prevented Plaintiff's access to these items equal to that of Defendant's able-bodied customers causing Plaintiff humiliation and embarrassment.

k. The plaintiff could not access the sales/service counter independently because it is too high for wheelchair users. Violation: The sales/service counter is not at an accessible height in violation of Section 7.2 of the 1991 ADAAG and Sections 227.3 and 904.4 of the 2010 ADAAG. This violation prevented access to Plaintiff equal to that of able-bodied individuals and caused her humiliation and embarrassment.

### RESTROOM

l. The plaintiff could not access the restroom entrance door without difficulty because it has hardware that requires tight grasping, pinching, or twisting of the wrist (door "knob"). Violation: ADA compliant door hardware is not provided on the restroom doors in violation of Section 4.13.9 of the ADAAG and Sections 309.4 and 404.2.7 of the 2010 ADAAG. This violation caused Plaintiff difficulty, embarrassment, and humiliation when attempting to use the restroom door.

m. The plaintiff was unable to independently access the restroom because the restroom entry door closer closes too quickly. Violation: The sweep speed settings of the door closer for the restroom door has not been maintained properly by Defendant which has caused the door closing speed to increase with time and use so that the time allowed to transition the door, from an open position of 90 degrees to a position of 12 degrees from the latch, is too brief to allow individuals with mobility impairments to enter and/or exit safely, independently and/or without difficulty, in violation of Section 4.13.10 of the 1991 ADAAG and Section 404.2.8 of the 2010 ADAAG. This accessible feature is not being maintained by Defendant in violation of 28 CFR § 36.211. These violations made it physically difficult and stressful for Plaintiff to enter and exit the restroom.

n. The plaintiff could not safely transfer from her wheelchair to the toilet because grab bars were not provided. Violation: ADA compliant grab bars are not provided in the restroom in violation of Sections 4.16.4, 4.26 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable. The plaintiff could not safely transfer from her wheelchair to the toilet because grab bars were not provided. Violation: ADA compliant grab bars are not provided in the restroom in violation of Sections 4.16.4, 4.26 and Figure 29 of the 1991 ADAAG and Section 604.5.2 of the 2010 ADAAG. This violation made it difficult and dangerous for Plaintiff to transfer from her wheelchair to the toilet.

o.  Plaintiff could not access the lavatory mirror as it was mounted too high. Violation: The mirror provided for public use in the restroom violates Section 4.19 of the 1991 ADAAG and Section 603 of the 2010 ADAAG. This violation prevented equal access to the lavatory mirror for the Plaintiff solely because she uses a wheelchair, and in so doing caused Plaintiff to suffer feelings of isolation and anguish.

p.  The plaintiff could not access the restroom sink as the required knee and toe clearance was not provided. Violation: The restroom sink provided does not meet the requirements of Section 4.24 of the 1991 ADAAG and Section 306.3.3 of the 2010 ADAAG. This violation prevented equal access to the faucet for the Plaintiff solely because of her disabilities and in so doing caused Plaintiff to suffer feelings of isolation and anguish.

q.  The plaintiff could not use the paper towel dispenser independently as it was mounted too high to reach. Violation: The paper towel dispenser in the public restroom is mounted at a noncompliant height in violation of the minimum reach range set forth in Section 4.2.5 and Figure 5 of the 1991 ADAAG and Section 308.2 of the 2010 ADAAG. This violation prevented equal access to Plaintiff and caused her to suffer embarrassment, humiliation and feelings of isolation solely because she uses a wheelchair for mobility.

r.  The plaintiff could not access the soap dispenser independently as it was mounted too high to reach. Violation: The soap dispenser in the public restroom is mounted at a noncompliant height in violation of the minimum reach ranges set forth in Section 4.2.5 and Figure 5 of the ADAAG and Section 308.3 of the 2010 ADAAG. This violation prevented equal access to Plaintiff and caused her to suffer embarrassment, humiliation and feelings of isolation solely because she uses a wheelchair for mobility.

MAINTENANCE PRACTICES

s.  Defendant has a practice of failing to maintain the accessible features of the facility, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211. This practice prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff anxiety, humiliation and/or embarrassment.

t. Defendant has a practice of failing to maintain the accessible elements at the Subject Facility by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant so that said elements may be discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Facility in violation of 28 CFR § 36.211, the 1991 ADAAG, and the 2010 ADAAG. These violations, as set forth hereinabove, made it impossible for Plaintiff to experience the same access to the goods, services, facilities, privileges, advantages and accommodations of the Subject Facility as Defendant's able-bodied patrons and caused Plaintiff to experience anxiety, embarrassment and/or humiliation.

u. Defendant has failed to modify its discriminatory maintenance practices to ensure that, pursuant to its continuing duty under the ADA, the Subject Property remains readily accessible to and usable by disabled individuals, including Plaintiff, as set forth herein, in violation of 28 CFR § 36.302 and 36.211. This failure by Defendant prevented access to the plaintiff equal to that of Defendant's able-bodied customers causing Plaintiff anxiety, humiliation and/or embarrassment.

25. The discriminatory violations described above are not an exhaustive list of the Defendant's current barriers to equal access and violations of the ADA because Plaintiff was unable to access and assess all areas of the subject premises due to the architectural barriers encountered. A complete list of the subject location's ADA violations affecting the Plaintiff as a wheelchair user, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34. Once the Plaintiff personally encounters discrimination, as alleged above, or learns of discriminatory violations through expert findings of personal observation, she has actual notice that the defendant does not intend to comply with the ADA.

26. The defendant has a practice of failing to maintain the accessible elements at the

Subject Property by neglecting its continuing duty to review, inspect, and discover transient accessible elements which by the nature of their design or placement, frequency of usage, exposure to weather and/or other factors, are prone to shift from compliant to noncompliant, so that said elements are discovered and remediated. Defendant failed and continues to fail to alter its inadequate maintenance practices to prevent future recurrence of noncompliance with dynamic accessible elements at the Subject Property in violation of 28 CFR §§ 36.202 and 36.211. These violations, as referenced hereinabove, made it impossible for Plaintiff, as a wheelchair user, to experience the same access to the food, beverages, services, facilities, privileges, advantages and accommodations of the Subject Property as Defendant's able-bodied patrons.

27. Accessible elements at the Subject Property have been altered and/or constructed since 2010.

28. The foregoing violations are violations of the 1991 ADAAG, and the 2010 ADAAG, as adopted by the U.S. Department of Justice. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

29. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

30. Each of the violations alleged herein is readily achievable to modify to bring the Subject Property into compliance with the ADA.

31. Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the subject property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.

32. To assist businesses in offsetting the costs associated with complying with the ADA and removing barriers to access for individuals with disabilities, Section 44 of the IRS Code provides a tax credit for small business owners, and Section 190 of the IRS Code provides a tax deduction for all business owners, including the Defendant.

33. Removal of the physical barriers and dangerous conditions at the Subject Property is readily achievable because of the relative low cost of the necessary modifications and the Defendant has the financial resources to make the modifications, including the financial assistance made available to Defendant by the government pursuant to Section 44 and/or Section 190 of the IRS Code.

34. By continuing to maintain and/or operate the subject property with discriminatory conditions in violation of the ADA, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to able bodied individuals of the general public.

35. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA. To date, Defendant has failed to comply with this mandate.

36. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendant, MEHMET ALATAS, is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Property, including those alleged herein. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.

37. Plaintiff's requested relief serves the public interest.

38. Plaintiff's counsel is entitled to recover its reasonable attorneys' fees and costs of litigation from Defendant, MEHMET ALATAS pursuant to 42 U.S.C. §§ 12188, 12205 and 28 CFR 36.505. Plaintiff will be denied full and equal access to the subject premises, as provided by the ADA unless the injunctive relief requested herein is granted.

39. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed, and ordering Defendant to fulfill its continuing duty to maintain the accessible features at the premises in the future as mandated by 28 CFR 36.211.

WHEREFORE, the Plaintiff prays as follows:

A. That the Court find Defendant, MEHMET ALATAS, in violation of the ADA and ADAAG;

B. That the Court enter an Order requiring Defendant, MEHMET ALATAS, to (i) remove the physical barriers to access and (ii) alter the Subject Property to make the subject property readily accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing Defendant, pursuant to 28 C.F.R. § 36.211, to fulfill its continuing duty to maintain its accessible features and equipment so that the facility remains

          accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

D.     That the Court enter an Order directing Defendant to implement and carry out effective policies, practices, and procedures to maintain the accessible features and equipment pursuant to 28 C.F.R. § 36.302 and 28 C.F.R. § 36.211.

E.     That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

F.     An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

G.     An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

H.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated this the _____ day of _____, 2019.

                                          Respectfully submitted,

                                          By: *s/ J. Luke Sanderson*
                                          Jeffrey Lucas Sanderson, Esq.
                                          Counsel for Plaintiff
                                          Tennessee State Bar No.: 35712

<u>Of Counsel:</u>
Wampler & Pierce, P.C.
44 N 2nd Street, Ste 502
Memphis, TN 38103
Telephone: (901) 523-1844
Email: lukesanderson55@gmail.com

**DEFENDANT TO BE SERVED:**
MEHMET ALATAS
7036 Wikle Road W
Brentwood, TN 37027